# IN THE COURT OF APPEALS OF IOWA

No. 20-0283
Filed January 21, 2021

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**CHARLES A. MACE JR.,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Cass County, Amy Zacharias, Judge.


　　The defendant challenges his sentence of incarceration. **AFFIRMED.**


　　Krisanne C. Weimer of Weimer Law, P.C., Council Bluffs, for appellant.

　　Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.


　　Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**GREER, Judge.**

Charles Mace Jr. pled guilty to one count of lascivious acts with a child, in violation of Iowa Code section 709.8(1)(d) (2018), which is a class "D" felony.[1]  At sentencing, Mace urged the court to suspend any prison sentence and impose probation, but the court sentenced Mace to a term of incarceration not to exceed five years.  On appeal, Mace claims the court abused its discretion in sentencing him to time in prison rather than granting his request for probation.

Before we reach the merits of Mace's claim, we must consider whether he is entitled to bring this appeal.  Disposition was entered in his case in February 2020, after Iowa Code section 814.6(1)(a)(3) (Supp. 2019) took effect on July 1, 2019.  Section 814.6(1)(a)(3) requires "good cause" for a defendant to appeal from a guilty plea in all cases except class "A" felonies.  After the new statute took effect, our supreme court considered whether good cause existed for the defendant to challenge the sentence imposed following her guilty pleas to two third-degree thefts in *State v. Damme*, 944 N.W.2d 98 (Iowa 2020).  The court, noting "good cause" was undefined in the statute and was ambiguous, held "that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." *Damme*, 944 N.W.2d at 105.  The State argues the circumstances of Mace's guilty plea are distinguishable from the circumstances in *Damme* and that we should conclude

---

[1] It is unclear what year the criminal act took place.  The trial information alleged Mace committed the crime sometime between November 2016 and November 2018.  The pertinent code section has not been amended; we choose to use the 2018 code.

Mace does not have good cause for his appeal.[2] But we do not believe *Damme* is meant to be applied as narrowly as the State suggests. And Mace, like the defendant in *Damme*, "received a discretionary sentence that was neither mandatory nor agreed to as part of [the] plea bargain." *Id.* Mace has good cause for his appeal, so we consider the merits.

Mace generally contends the district court abused its discretion in sentencing him too harshly. He highlights mitigating factors he believes the court should have placed more weight or emphasis on when deciding his sentence, such as his "minimal" prior criminal history and his steady employment. Additionally, he suggests the court put too much emphasis on the effect Mace's crime had on the victim and the fact that, if he received probation, he would be in a similar living situation as he was when this crime occurred.

During sentencing, the court noted that Mace's conviction stemmed from him soliciting sex acts from his former wife's fifteen-year-old sister, who was living in their home at the time. This occurred while he was on probation with the State

---

[2] The State points to Mace's signed plea agreement, which includes provisions that "[t]he defendant understands there is no automatic right of appeal of a guilty plea" and "agrees not to appeal." We recognize that a defendant may expressly waive the right to appeal as part of their plea agreement. *See State v. Loye*, 670 N.W.2d 141, 148 (Iowa 2003). But it is unclear to us if Mace's waiver was meant to encompass an appeal of his sentence as well as his guilty plea. And we will not infer a waiver. *See State v. Hinners*, 471 N.W.2d 841, 845 (Iowa 1991). Plus, at his sentencing hearing, the court advised Mace of his right to appeal, stating:

> You should have been advised at the time that you entered into this plea of guilty that you have no right to appeal the actual guilty plea in this case, *but you have the right to appeal the sentence in this case.* That notice of appeal must be on file within 30 days.

(Emphasis added). No one spoke up to inform the court Mace had waived his right to file any appeal—regarding his guilty plea and his sentence—which we think supports our understanding that Mace's earlier waiver applied only to an appeal challenging the plea.

of Missouri. The court then expressed concern about granting Mace's request for probation in light of his living situation, stating:

> [A]dditional information was provided about your living situation, the fiancée that you had, the children that are living in your home. In particular there is a child in your home that is not yours, that is not that much younger, frankly, than the victim in this case was at the time that these offenses took place. And I can't tell you that I am not concerned for that child should you not complete treatment or that you not be successful on probation and you're living in the exact same role that you lived in previously.

We review a sentence imposed in a criminal case for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.* And "[a]n abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." Additionally, when the sentence imposed by the district court is within the statutory limits, it "is cloaked with a strong presumption in its favor." *Id.*

Here, the court sentenced Mace to a term of incarceration not to exceed five years, which is within the statutory limits for a class "D" felony. *See* Iowa Code § 902.9(1)(e). The court is tasked with exercising its discretion in determining which of the authorized sentences "will provide maximum opportunity for rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." *See id.* § 901.5. "In applying discretion, the court" should consider "the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform." *State v. August*, 589 N.W.2d 740, 744 (Iowa 1999) (citation omitted). The court should also

consider the defendant's prior criminal record, employment status, and family circumstances. *Damme*, 944 N.W.2d at 106 (citing *Formaro*, 638 N.W.2d at 725). But the "sentencing court need only explain its reasons for selecting the sentence imposed and need not explain its reasons for rejecting a particular sentencing option." *State v. Crooks*, 911 N.W.2d 153, 171 (Iowa 2019). And, the court is not "required to specifically acknowledge each claim of mitigation urged by the defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995).

Mace's claim on appeal boils down to a complaint that the court did not balance the various factors in the way he wanted. He believes we should place more emphasis on the factors that support granting probation and less on those that suggest incarceration is the more appropriate option. But it is the right of the sentencing court "to balance the relevant factors in determining an appropriate sentence." *State v. Wright*, 340 N.W.2d 590, 594 (Iowa 1983). And Mace failed to prove the district court abused its discretion when deciding his sentence.

**AFFIRMED.**